NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3157

HERBERT E. HOLLAND, JR.,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

Herbert E. Holland, Jr., of Ardmore, Pennsylvania, pro se.

Armando Rodriquez-Feo, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Gregory G. Katsas, Acting Assistant Attorney General; Jeanne E. Davidson, Director; and Bryant G. Snee, Deputy Director. Of counsel on the brief was Paul P. Kranick, Staff Attorney, Office of Regional Counsel, United States Department of Veterans Affairs, Office of General Counsel, of Philadelphia, Pennsylvania.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3157

HERBERT E. HOLLAND, JR.,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

Petition for review of the Merit Systems Protection Board in PH-0752-07-0383-I-1.

_____

DECIDED:  August 8, 2008

_____

Before LOURIE, RADER, and PROST, <u>Circuit Judges</u>.

PER CURIAM.

Herbert E. Holland, Jr. appeals from the decision of the Merit Systems Protection Board ("Board") affirming the Department of Veterans Affairs' (the "agency's") decision to remove him from his position as an Electrician's Helper.  <u>Holland v. DVA</u>, PH-0752-07-0383-I-1 (M.S.P.B. Dec. 18, 2007) (initial decision dated Aug. 24, 2007).  Because the Board's decision was supported by substantial evidence and is in accordance with law, we <u>affirm</u>.

BACKGROUND

At the time of his removal, Holland worked for the agency at the Department of Veterans Affairs Medical Center in Philadelphia, Pennsylvania. By a June 14, 2006 letter, the agency gave Holland his first notice of proposed removal. He was then absent from work without authorization for sixty-eight days between October 2, 2006 and January 19, 2007. On January 12, 2007, the agency notified Holland that, pursuant to the June 14, 2006 notice, the agency had decided to suspend him for thirty days, effective January 22, 2007 through February 20, 2007, for fighting, absence without leave, and failure to follow proper leave procedures. On February 21, 2007, the agency again sent Holland a notice of proposed removal for absence without leave and failure to follow proper leave procedures for the days he was absent between October 2, 2006 and January 22, 2007. He did not respond to the notice, and, on April 23, 2007, the agency informed Holland of its decision to remove him, effective April 25, 2007, for absence without leave and failure to follow proper leave procedures.

Holland appealed his removal to the Board on April 25, 2007. In an Initial Decision on August 24, 2007, the Administrative Judge ("AJ") found that Holland had not seriously disputed either that he was absent on the specified days or that he had failed to follow established leave procedures for those dates. The AJ found that he did not have an open workers compensation claim at the time of his charged absences and that he was aware of the agency's leave requesting procedures. The AJ found that he had failed to demonstrate his affirmative defenses of reprisal and whistleblowing. Finally, the AJ found that removal was a reasonable penalty.

On December 18, 2007, the full Board denied Allen's petition for review because it found no new, previously unavailable evidence or error of law by the AJ. See 5 C.F.R. § 1201.115. The AJ's initial decision thus became the final decision of the Board. See 5 C.F.R. § 1201.113. Holland appealed to this court, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

Holland argues that he was not aware of the agency's leave requesting procedures, that the agency has opposed his compensation claim, and that his compensation claim is now in the reconsideration stage. Holland does not allege any error of law by the Board. The agency responds that Holland had previously been given a notice of removal for absence without leave and failure to follow leave requesting procedures. The agency also notes that the AJ credited the testimony of Holland's supervisor that Holland was aware of the proper leave procedures. Finally, the agency argues that the AJ determined that Holland's compensation claim had been closed at the time of his absences and thus could not excuse those absences.

The scope of our review in an appeal from a decision of the Board is limited. We must affirm the Board's decision unless it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); see Briggs v. Merit Sys. Prot. Bd., 331 F.3d 1307, 1311 (Fed. Cir. 2003).

We agree with the agency that the Board's decision is supported by substantial evidence. The Board credited the testimony of Holland's supervisor that Holland was

aware of the proper leave procedures. The Board's determinations of witness credibility are virtually unreviewable. <u>Chambers v. Dep't of Interior</u>, 515 F.3d 1362, 1370 (Fed. Cir. 2008). Substantial evidence also supports the AJ's finding that Holland's absences were not authorized, and Holland fails to argue that he even attempted to follow the required procedures for requesting authorized leave.

Because the Board's decision was supported by substantial evidence and in accordance with the law, we affirm.

COSTS

No costs.